IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Exhibit Systems, Inc., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 15 C 2930<br>) |
| Pico Art International Pte., Ltd. et al., | ) Judge Virginia M. Kendall<br>) |
| Defendants. | )<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Exhibit Systems, Inc., ("Exhibit") filed suit against Defendants Pico Art International Pte. LTD. ("Pico") and Changi Airport Group Pte. LTD. ("Changi") on January 30, 2015 in the Circuit Court of DuPage County, Illinois. Exhibit served Defendants on March 4, 2015[1] and Defendants timely removed the case to this Court (Dkt. No. 1) on April 2, 2015. *See* 28 U.S.C. § 1446. Exhibit alleges a breach of contract claim against Pico and an unjust enrichment claim against Changi. After removal, Defendants moved to dismiss the Complaint based on insufficient process and insufficient service of process. (Dkt. No. 7). Exhibit moved the Court to remand (Dkt. No. 18), arguing that the forum selection clause in the agreement between the parties mandates that the parties litigate all disputes in the Circuit Court of DuPage County. Exhibit also requests the Court to award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court grants Exhibit's motion in part. The Court

---

[1] Defendants have moved to dismiss under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and insufficient service of process. The Court has not considered the adequacy of services on the merits and notes this date only to establish the timeliness of Defendants' removal.

remands the case to the Circuit Court of DuPage County and denies Plaintiff's request for attorneys' fees and costs. Defendants' motion to dismiss is dismissed as moot in light of the remand.

## **BACKGROUND**

The following facts are taken from the Complaint filed in Illinois court.[2] Defendant Changi operates an airport in Singapore. Changi retained the services of Defendant Pico promote the airport at the 2014 World Routes Trade Show (the "Trade Show") in Chicago, Illinois. (Compl. ¶ 3-4). Pico and Changi contracted with Exhibit to design, manufacture, assemble, and disassemble a promotional exhibit for display at the Trade Show. (Compl. ¶ 5). Exhibit alleges that it performed all services required of it under the agreement and that Pico failed to pay all amounts required. (Compl. ¶ 9-10). Exhibit also alleges that Changi has been unjustly enriched as the result of Exhibit's uncompensated services. (Compl. ¶ 19).

Exhibit filed suit against Pico and Changi (collectively, "Defendants") in the Circuit Court of DuPage County, Illinois. Defendants removed the case to this Court. Exhibit now asks the Court to remand the case to state court, arguing that the forum selection clause in Paragraph 6(e) of the agreement mandates that any disputes under the contract be litigated in the Circuit Court of DuPage County. Paragraph 6(e) of the parties' agreement states: "This agreement enforced [*sic*] under Illinois Law and all disputes will be settled under Illinois jurisdiction in DuPage County." (Dkt. No. 1-1 p. 15). Defendants argue that the forum selection clause merely constitutes Defendants' consent to litigate in DuPage County, but does not make that forum exclusive.

---

[2] (*See* Dkt. No. 1 Ex. A, at 4).

**LEGAL STANDARD**

Though, Exhibit styled its motion as a Rule 12(b)(3) motion to dismiss for improper venue, Rule 12(b)(3) does not provide a basis for remand or dismissal here. Section 1391 of Title 28 of the United States Code dictates whether venue is proper. *See Atl. Marine Const. Co. v. United States Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). The presence of a forum selection clause in the contract between the parties has no effect on the analysis of whether venue is "proper" under § 1391. *See id.* "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* § 1391(b)(2). No party disputes that the Trade Show took place in within this District or that the parties entered into their agreement in this district. Thus, venue is "proper" under 28 U.S.C. § 1391 and Rule 12(b)(3) is inapposite.

Instead, the Court enforces a forum selection clause designating a non-federal forum through the doctrine of *forum non conveniens*. *See Atl. Marine*, 134 S. Ct. at 580.[3] The application of the doctrine of *forum non conveniens* involves a two-step inquiry. *See Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). First, the Court must determine that an adequate alternative forum is available. "An alternative forum is 'available' if all parties are amenable to process there and within the forum's jurisdiction" and 'adequate' "if it provides the plaintiff with a fair hearing to obtain some remedy for the alleged wrong." *Id.* If such a forum exists, the Court considers whether adjudication in the other forum would best serve the convenience of the parties and the interests of justice. *See id*. In the context

---

[3] This standard is applicable notwithstanding that *Atlantic Marine* and most *forum non conveniens* cases involve dismissal rather than remand. Federal district courts lack the power to transfer an action originally filed in federal court to state court. District courts therefore must dismiss those cases involving a forum selection clause mandating a state forum when the case was filed in federal court rather than removed from state court. Nothing in *Atlantic Marine* suggests that the analysis should change where. as here, the posture of the case allows the district court to remand the case rather than dismiss it. *Cf. Roberts & Schaefer Co. v. Merit Contracting*, 99 F.3d 248, 252 (7th Cir. 1996) ("Enforcing a forum selection clause in a contract is a permissible basis for remand.").

of a forum selection clause the doctrine is modified in that "a district court may consider arguments about public-interest factors only." *See Atl. Marine*, 134 S. Ct. at 582. Relevant public interest factors include:

> the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). It is the defendant's burden to show that those factors "overwhelmingly disfavor" enforcement of the forum selection clause. *See Atl. Marine*, 134 S. Ct. at 581. An agreed upon forum selection clause "should be given controlling weight in all but the most exceptional cases." *Id.* at 583.

The application of the *forum non conveniens* doctrine, however, "presupposes the existence of a contractually valid forum selection clause." *Atl Marine*, 134 S. Ct. at 581 n.5. Under Illinois law,[4] forum selection clauses are valid unless the resisting party shows that litigation of the dispute in the selected venue would be unreasonable. *See GPS USA, Inc. v. Performance Powdercoating*, 26 N.E.3d 574, 583-84 (Ill. App. Ct. 2015). "The burden of proving the unreasonableness of a selected forum . . . falls on the party opposing enforcement of the forum selection clause." *Brandt v. MillerCoors, LLC*, 993 N.E.2d 116, 121 (Ill. App. Ct. 2013). To determine the reasonableness of a forum selection clause, courts should consider six factors: (1) the law governing the formation of the contract; (2) the residency of the parties to the contract; (3) the place of execution and/or performance of the contract; (4) the location of the parties and witnesses participating in the litigation; (5) the inconvenience to the parties of any

---

[4] In interpreting and assessing the validity of the forum selection clause, the Court applies the law that will govern the remainder of the dispute between the parties. *See Jackson v. Payday Fin., LLC*, 764 F.3d 765, 775 (7th Cir. 2014). No party disputes that the choice of law provision of Paragraph 6(e) is valid. Thus, Illinois law applies.

particular location; and (6) whether the clause was equally bargained for. *See GPS USA*, 26 N.E.3d at 584. Because the defendant has the burden of showing that the choice of forum is unreasonable, "any factor that is even neutral on the forum question essentially weighs in favor of the forum choice." *Id*. Additionally, "Illinois law concerning the validity of forum selection clauses is materially the same as federal law." *IFC Credit Corp. v. Aliano Bros. Gen Contractors*, 437 F.3d 606, 611 (7th Cir. 2006).

## DISCUSSION

**A.  The Forum Selection Clause is Valid under Illinois Law**

    1.    The Forum Selection Clause is Mandatory

As an initial matter, the Court must determine whether the forum selection clause is mandatory or permissive. Only if the forum selection clause is mandatory must the Court remand the case to the specified forum. A forum selection clause is 'mandatory' if the terms of the agreement specify a given venue with "mandatory or obligatory language" that indicates "the parties' intent to make venue exclusive." *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006). Where only jurisdiction is specified, a forum selection clause is deemed 'permissive' absent further language indicating that the parties intended to make a particular venue exclusive and compulsory. *Id.* So long as a court has subject matter jurisdiction, personal jurisdiction, and venue is proper, a court need not transfer or dismiss a case in which the parties have entered into an agreement containing only a permissive forum selection clause.

The Court finds that the forum selection clause is mandatory, rather than permissive. The terms of the forum selection clause in the contract at issue show that the parties intended to make the Circuit Court of DuPage County the exclusive forum for disputes related to the contract. The clause states that "all disputes will be settled . . . in DuPage County." 'Will be settled' is

5

mandatory language, indicating that the parties have chosen one forum exclusive of all others. *See id.* (clause that stated venue 'shall be proper' in specified county was mandatory).

That mandatory language clearly and specifically makes the Circuit Court of DuPage County, Illinois the exclusive forum for this litigation. Though the clause does not state explicitly that the parties must litigate in state court, the phrase "in DuPage County" unambiguously limits adjudication of this matter to a court located within DuPage County. *See IFC Credit Corp.*, 437 F.3d at 612 ("naming names is not the only method of dispelling ambiguity"). No federal district court sits in DuPage County, Illinois. A forum selection clause that specifies a county in which no federal court sits is sufficient to manifest a clear and specific intent to litigate exclusively in the state courts of that county. *See, e.g.*, *Spenta Enterprises, Ltd. v. Coleman,* 574 F. Supp. 2d 851, 855–856 (N.D. Ill. 2008); *Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc.*, No. 03 C 2322, 2003 WL 21877615, at *1-2 (N.D. Ill. Aug. 6, 2003) ("A forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county."); *Infinite Tech., Inc. v. Rockwell Electronic Commerce Corp.*, No. 01 C 1025, 2001 WL 527357, at *2 (N.D. Ill. May 16, 2001) (forum selection clause limiting suit to "courts of DuPage County, State of Illinois" could not be interpreted to permit suit in federal court located in Cook County, Illinois); *cf. Bodine Elec. Co. v. Viking Access Sys., LLC*, No. 09 C 3055, 2009 WL 3055362 (N.D. Ill. Sept. 22, 2009) (forum selection clause limiting venue to courts located in Cook County, Illinois did not preclude adjudication in the Northern District of Illinois).

Accordingly, the Court finds that the Paragraph 6(e) of the parties' agreement is a mandatory forum selection clause specifying the Circuit Court of DuPage County, Illinois.

2.  The Forum Selection Clause is Reasonable

Taken together, the relevant factors show that Paragraph 6(e) of the agreement is reasonable and, thus, the forum selection clause is valid under Illinois law. The Court considers: "(1) which law governs the formation and construction of the contract; (2) the residency of the parties involved; (3) the place of execution and/or performance of the contract; (4) the location of the parties and witnesses participating in the litigation; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for." *GPS USA*, 26 N.E.3d at 584. Two factors weigh decisively in favor of validity while the rest are neutral. No factor counsels against validity.

Factors one and six unequivocally suggest that the clause is valid under Illinois law. The parties agree that Illinois law governs the formation and construction of the contract. The Circuit Court of DuPage County is, of course, competent to apply Illinois law. All parties are sophisticated business entities and nothing suggests that unequal bargaining power played any role in the transaction. *Cf. IFC Credit Corp.*, 437 F.3d at 611 (forum selection clauses are less likely to be valid in Illinois "when there is a significant inequality of size or commercial sophistication between the parties").

The remaining factors are neutral and therefore each "essentially weighs in favor of the forum choice." *GPS USA*, 26 N.E.3d at 584. Exhibit has its principal place of business in DuPage County, but both defendants are foreign corporations with principal places of business abroad. The Trade Show took place in Cook County, though the parties apparently executed the contract in DuPage County. It is possible that parties and witnesses, especially employees of Changi or Pico, will be located abroad, but it is no more difficult or inconvenient for these remote parties and witnesses to litigate in DuPage County that it would be in this Court.

7

Defendants have failed to show why any of these apparently neutral factors actually weighs against remanding the case to state court. The Court therefore finds that the forum selection clause at hand is reasonable under the circumstances of this case and valid under Illinois law.

### B. The Forum Selection Clause is Enforceable

Because the valid forum selection clause specifies a non-federal forum, the Court enforces the forum selection clause through the doctrine of *forum non conveniens*. *See Atl. Marine*, 134 S. Ct. at 580. So long as the alternative forum is adequate and available, the Court will decline to enforce a valid forum selection clause only in "exceptional cases" when doing so would be contrary to the public interest. *Id.* at 583. Defendants do not dispute the Circuit Court of DuPage County's adequacy or availability. Defendants' argue only that the forum selection does not make that court the *exclusive* proper forum. Defendants do not dispute that they have consented to personal jurisdiction in that forum and that the forum would provide "a fair hearing to obtain some remedy for the alleged wrong." *See Stroitelstvo*, 589 F.3d at 421. Thus, the Circuit Court of DuPage County, Illinois is an available and adequate alternative forum.

The public interest counsels in favor of remand. Remanding the case to the Circuit Court of DuPage County would protect the expectations of the parties and further the interests of justice. *See Atl. Marine*, 134 S. Ct. at 581. The interest in "having localized disputes decided at home" weighs in favor of remanding the case because an Illinois state court is the best forum in which to litigate a matter governed entirely by Illinois law. *Clerides* 534 F.3d at 628 (citations omitted). There are no allegations of "administrative difficulties stemming from court congestion" in the Circuit Court of DuPage County. *See id.* There is likewise no reason to believe that adjudication in DuPage County would result in "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* In short, Defendants have not demonstrated that this is

the "unusual case" in which public interest factors "overwhelmingly disfavor" enforcement of the forum selection clause. *See Atl. Marine*, 134 S. Ct. at 583. Accordingly, the Court remands this case to the Circuit Court of DuPage County.

### C. A Fee Award is Inappropriate

Exhibit asks the Court to award attorneys' fees and costs associated with the removal and remand of this matter. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Court has wide discretion with respect to fee awards under § 1447(c), but may award fees and costs should "only where the removing party lacked an objectively reasonable basis for seeking the removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 655 (7th Cir. 2014). Generally, a district court should not award attorneys' fees unless clearly established law foreclosed the defendant's basis for removal. *See Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009). While the Court finds that the forum selection clause in dispute is both valid and enforceable, it cannot be said that clearly established law rendered Defendant's basis for removal objectively unreasonable. Therefore, Exhibit's request for attorneys' fees and costs is denied.

### D. Defendants' Motion to Dismiss is Dismissed as Moot

In light of the Court's remand, Defendants' motion to dismiss (Dkt. No. 7) is dismissed as moot. The Court has not considered the motion on the merits and does not intend to preclude Defendants from bringing a similar motion in state court on remand.

9

## CONCLUSION

For the reasons stated herein, the motion to remand is granted in part. The case is remanded to the Circuit Court of DuPage County, Illinois, but the Court denies the motion to the extent it seeks attorneys' fees. Defendants' motion to dismiss is dismissed as moot.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 6/25/2015